IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,           ) | CV F 08 - 1960 AWI |
|                            ) | (CR F 03 - 5053 AWI) |
|     Petitioner,  ) | |
|                            ) | ORDER DENYING |
| v.                         ) | PETITIONER'S MOTION TO |
|                            ) | CORRECT, VACATE OR SET |
| UNITED STATES OF AMERICA,  ) | ASIDE THE SENTENCE |
|                            ) | |
|     Respondent.  ) | Doc. # 85 |
| _____) | 28 U.S.C. § 2255 |

    Anthony Johnson ("Petitioner") was sentenced on December 11, 2006, to a term of 240 months imprisonment following his conviction by plea of guilty to one count of conspiracy to distribute cocaine base and aiding and abetting and two counts of distribution of cocaine base. Petitioner filed an appeal which was denied on November 26, 2007. The petition for rehearing was denied on May 27, 2009. On August 10, 2009, Petitioner filed a petition to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (powder/crack cocaine differential). During the pendency of the hearing on that motion, Petitioner filed the instant motion to vacate, correct or set aside the sentence pursuant to 28 U.S.C. §2255 (hereinafter, the "2255 Motion"). On February 7, 2011, Petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) was heard by the court. The issue was thoroughly briefed and argued by Petitioner's counsel. After consideration of all information and argument presented, the court denied Petitioner's

motion finding that a term of imprisonment of 240 months was reasonable in light of all the facts and the relevant 18 U.S.C. §3553(a) factors.

  Petitioner's 2255 Motion, which was filed May 10, 2010, sets forth two grounds for relief.  The first is that reconsideration of his sentence is warranted under Kimbrough v. United States, 552 U.S. 85 (2007), which held that a sentencing court does not abuse its discretion if it imposes a sentence less than the sentence recommended by the Sentencing Guidelines where the court finds the 100 to 1 crack-to-powder cocaine sentencing disparity results in a sentence that is greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).  Id. at 110 - 111.  Second, Petitioner's 2255 Motion alleges that Petitioner suffered ineffective assistance of counsel when his attorney failed to argue for a downward departure under 18 U.S.C. § 3553(a) for "lesser harm" and "mitigating role."

  Petitioner's first ground for relief was given full consideration in the course of proceedings related to Petitioner's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  Petitioner's arguments regarding the court's discretion under Kimbrough were thoroughly briefed by Petitioner's counsel and were squarely before the court at the time of the hearing on February 7, 2011.  In giving full consideration to Petitioner's arguments at the hearing, the court has granted Petitioner all the relief to which he is entitled.  Having denied Petitioner's motion for reduction of his sentence on grounds identical to those supporting his motion of August 10, 2009, the court has given consideration to and rejected Petitioner's first ground for habeas relief.  No further consideration of Petitioner's contentions regarding any powder/crack cocaine sentencing disparity is warranted.

  The second ground for habeas relief set forth in Petitioner's 2255 Motion is the allegation he suffered ineffective assistance of counsel when his attorney failed to argue that consideration of the factors set forth in 18 U.S.C. § 3553(a) warranted a lesser sentence.  In particular, Petitioner contends that his attorney should have argued for a lesser sentence under U.S.S.G. § 5K2.11 (lesser harm), and § 3B1.2 ((mitigating role).  To establish a constitutional violation for

the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). The record of the resentencing hearing held on February 7, 2011, indicates that the court gave full consideration to the factors under section 3553(a) and reached a sentencing conclusion based on all relevant facts. Petitioner's contentions with regard to lesser harm and mitigating role are nonsensical under the facts of this case.

United States Sentencing Guideline section 5K2.11 expresses the policy that recognizes that "a defendant may commit a crime in order to avoid a perceived greater harm. In such instances, a reduced sentence may be appropriate, provided that the circumstances significantly diminish society's interest in punishing the conduct [. . . .]" Id. Petitioner argues that his attorney provided ineffective assistance because there was no argument that Petitioner's actions were pursuant to Petitioner's "gang related activities" and were "encouraged by shot callers" in the organization for its economic gain. The court cannot conceive of any sense in which Petitioner's gang-related activities could be said to diminish society's interest in punishing the unlawful conduct. If anything, membership in, and conduct in furtherance of, a criminal street gang indicates greater rather than lesser culpability. Pursuant to section 5K2.18, membership and participation in the activities of a criminal street gang may warrant enhanced, not reduced sentences. The court finds no merit in Petitioner's "lesser harm" argument.

Similarly, there is no factual basis for Petitioner's contention that his attorney provided ineffective assistance by failing to investigate or argue for a mitigating role under USSG § 3B1.2. Basically, Petitioner's core contention in this regard is that he was acting under the direction of others when he procured and sold the cocaine to undercover police officer. The commentary to section 3B1.2 indicates that a mitigating role adjustment may be appropriate where the defendant is "substantially less culpable than the average participant." Petitioner was the sole defendant in this case and did not identify other gang members who "directed" his activities. Petitioner was convicted only of the sale of the amount of cocaine he actually sold and he admitted to all the

3

conduct for which he was convicted.  There is no basis for the contention that Petitioner is somehow less culpable than any other defendant would be for the same conduct.  The fact that others may have been directing or encouraging Petitioner does not diminish Petitioner's culpability; particularly in view of Petitioner's refusal to identify any other participants or to identify what others did that would make Petitioner's activities significantly less culpable.  Because Petitioner has not alleged any facts that, if proven true, would entitle him to a lesser sentence based on a minor or mitigating role, the court finds Petitioner's contentions with regard to mitigating role to be completely without merit.

THEREFORE, based on the foregoing analysis, the court finds that the resentencing hearing conducted on February 7, 2011, provided Petitioner with all the relief to which Petitioner is entitled.  The court further finds that the conclusions reached in that hearing are conclusive of the claims alleged by Petitioner in his 2255 Motion filed May 10, 2010.  Petitioner's 2255 Motion is therefore hereby DENIED.  The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

Dated:     February 15, 2011                                                                    
                                                CHIEF UNITED STATES DISTRICT JUDGE