IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ANTHONY LEON JOHNSON,<br><br>                    Defendant. | CASE NO.  1:03-CR-05053 - AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

   The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because he was sentenced pursuant to the career offender guidelines.  For the following reasons, the Court will deny the defendant's motion.

   Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously

sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010).

The defendant pled guilty to a three-count Indictment alleging conspiracy to distribute cocaine base. The drug quantity stipulated in the guilty plea was 163.39 grams of a substance containing cocaine base. In 2003, Section 2D1.1(c)(3) of the United States Sentencing Guidelines provided a base offense level of 34 for that quantity of cocaine base. Since that time, Amendment 706, as amended by Amendment 711, reduced the base offense level for offenses involving cocaine base; then Amendment 782 reduced – by two levels – the base offense level applicable to most drug offenses, including those involving cocaine base. Under Section 2D1.1, defendant's recalculated offense level would be level 26 because defendant's offense involved between 112 and 196 grams of cocaine base. However, the defendant was not ultimately sentenced pursuant to Section 2D1.1.

The United States Sentencing Guidelines require that a defendant be sentenced as a career offender if: (1) the defendant was at least eighteen years old at the time that the defendant commited the crime at bar; (2) the crime at bar is a felony that is either a crime of violence or controlled substance offense; (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense; and (4) the sentencing range under the career offender guidelines result in a greater offense level than otherwise applicable. U.S.S.G. § 4B1.1(a-b) (2003). In this case, the district court determined that: (1) the defendant was over the eighteen at the time of the offense at bar; (2) he pled guilty to a controlled substance felony in the case at bar; (3) he had previously been convicted of attempted robbery, assault with a firearm, and possession of cocaine base for sale – all violent or serious drug felonies for purposes of career offender designation; and (4) the offense level under the career offender guideline was level 37. As a result, the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1.

The defendant is not now eligible for a reduction in sentence under Amendment 782 because he was not sentenced pursuant to the sentencing table in Section 2D1.1(c). Amendment 782 has no impact on the defendant's sentence.

The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Accordingly, the defendant may not receive any relief under Section 1B1.10.

For the reasons articulated herein, the defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   September 28, 2015                                   _____
                                                              SENIOR DISTRICT JUDGE

3