UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONEY LEON JOHNSON,<br><br>             Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | CASE NO.  1:03-CR-5053 AWI<br><br>ORDER STAYING CASE |

This is a petition for relief from sentence under 28 U.S.C. § 2255.  On February 16, 2017, the Ninth Circuit granted permission to Petitioner to file a successive § 2255 based on the recent Supreme Court decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016).  See Doc. No. 123.  Petitioner's petition challenges the constitutionality of Sentencing Suideline 4B1.2(a).  See Doc. No. 125.

Recently, the Ninth Circuit has given other petitioners in this Court a certification under 28 U.S.C. § 2255(h) to pursue a second or successive § 2255 petition based on *Johnson* and *Welch* issues.  See Howard v. United States, E.D. Cal. Docket No. 1:04-CR-5234 AWI at Doc. No. 310; Hughes v. United States, E.D. Cal. Docket No. 1:02-CR-5370 AWI at Doc. No. 114; Burton v. United States, E.D. Cal. Docket No. 1:02-CR-5187 AWI at Doc. No. 80.  As part of the certifications in these cases, the Ninth Circuit suggested that this Court stay the matters pending the Ninth Circuit's resolution of *Gardner v. United States* (9th Cir. Case No. 15-72559), *Jacob v. United States* (9th Cir. Case No. 15-73302), and *United States v. Begay* (9th Cir. Case No. 14-10080).  See Howard at Doc. No. 310; Hughes at Doc. No. 114; Burton at Doc. No. 80.  *Begay*

involves a challenge to the constitutionality of 18 U.S.C. § 924(c)(3)(B).  In each of these cases, as well as other similar § 2255 petitions, the Court followed the Ninth Circuit's suggestion and issued stays.

Here, *Begay* involves a challenge to 18 U.S.C. § 924(c).  Since § 924(c) is not at issue in this case, *Begay* is not a sufficient basis for a stay.  *Gardner* and *Jacob* both involved challenges to Sentencing Guideline 4B1.2(a), but the Ninth Circuit has remanded those cases to the respective district courts.  Because no decision is reasonably forthcoming from the Ninth Circuit, *Gardner* and *Jacob* are not a sufficient basis to impose a stay.  However, the Court has continued a stay in a case involving Sentencing Guideline 4B1.2 pending resolution by the Supreme Court of *Beckles v. United States* (Supreme Court Case 15-8544).  See Brown v. United States, 2017 U.S. Dist. LEXIS 8327 (E.D. Cal. Jan. 20, 2017).  Given the anticipated decision in *Beckles* (in or prior to June 2017), and the stays issued in other cases in this Court, the Court will stay this case pending resolution of *Beckles v. United States* (15-8544) by the Supreme Court.  If, at any time prior to a decision by the Supreme Court in *Beckles*, Petitioner's counsel believes that the stay should be lifted, counsel may file a properly supported motion to lift the stay.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that this case is stayed pending resolution by the Supreme Court of *Beckles v. United States* (15-8544).[1]

IT IS SO ORDERED.

Dated:   February 27, 2017                               _____
                                                          SENIOR  DISTRICT  JUDGE

---

[1] Again, if Petitioner's counsel believes that the stay should be lifted prior to a decision by the Supreme Court in *Beckles*, then counsel may file a properly supported motion to lift the stay.